FREDERICK N. HAMLIN

*v.*

JOSEPH H. MARTIN.

EXCESSIVE DAMAGES—*for an unlawful arrest and imprisonment.* A private person procured the arrest of a party on a charge of larceny.   The arrest was made about noon, and the prisoner was kept in confinement until about eight o'clock the same day, when he was released on bail. Several days afterward he was examined before a magistrate and dis charged.   In an action by the accused, against the party procuring his arrest, for an alleged unlawful arrest and imprisonment, it was shown by the proof that the defendant fully believed the plaintiff was guilty, and had some strong circumstantial grounds for so believing, and caused the arrest in entire good faith :   *Held,* a verdict for the plaintiff for $2,000 was altogether unreasonable and excessive, and for that cause the judg ment was reversed.

APPEAL from the Superior Court of Chicago; the Hon. WM. A. PORTER, Judge, presiding.

The opinion states the case.

Messrs. HIGGINS, SWETT & QUIGG, for the appellant.

Mr. ROBERT HERVEY and Mr. GEORGE A. MEECH, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of trespass, to recover damages for an unlawful arrest and imprisonment on a charge of larceny. The plaintiff was arrested by a policeman, under the direction of defendant, about noon, and kept in confinement until about eight o'clock, when he was released on bail. Several days afterward he was examined before a magistrate and discharged.

The defendant pleaded only the general issue. On this issue the plaintiff was, of course, entitled to a verdict, but the damages which the jury gave, namely, $2,000, we are constrained to say are altogether unreasonable and excessive. As we send the case before another jury, we forbear from commenting, in detail, upon the evidence, and will only say, it clearly shows, however innocent the plaintiff may in fact have been, the defendant fully believed he was guilty, and had some strong circumstantial grounds for so believing, and caused his arrest in entire good faith. There is no pretense for saying he was actuated by any malicious motive, though he may have acted hastily. To hold that a person who causes another to be arrested, under the full and not unreasonable belief that he has committed a crime, is to be held liable to several thousand dollars damages if he fails to sustain the prosecution, when he has acted throughout in good faith, and with no malice, would

be to establish a rule rendering it so perilous to prosecute, that the community would often think it better to submit quietly to crime than to undertake to punish the criminal. The judgment is reversed and the cause remanded.

*Judgment reversed.*